# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER BOFFOLI, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CLOUDFARE, INC. a Delaware corporation; and DOES 1-10, <br><br> Defendants. | Case No. 2:18-cv-00163 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

CHRISTOPHER BOFFOLI, ("Boffoli" or "Plaintiff") hereby alleges for his complaint against CLOUDFLARE, INC. ("CloudFlare") and DOES 1–10 (collectively, "Defendants") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## NATURE OF THE CASE

1. This is a claim for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.

## JURISDICTION AND VENUE

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over CloudFlare because it conducts

substantial business in the State of Washington.

4. The claims alleged in this Complaint arise in the State of Washington and the Western District of Washington and elsewhere.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1–3).

## PARTIES

6. Plaintiff is an individual and resident of the Western District of Washington.

7. CloudFlare is a Delaware corporation that offers its Internet-based services across the United States.

8. Plaintiff doesn't know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

## FACTS

**A. Boffoli created copyrightable photographs and registered them with the U.S. Copyright Office.**

9. Boffoli is a fine art, editorial, and commercial photographer who created "Big Appetites," a series of photographs featuring tiny figures photographed against real food backdrops. Big Appetites has been published in more than 100 countries around the world, with coverage in publications such as the New York Times, Washington Post, NPR, and CBS This Morning, among many others. Fine art photographs from the collection can be found in galleries and private collections in the US, Canada, Europe and Asia. Boffoli is frequently hired by magazines for editorial commissions and by large brands for commercial work based on the Big

COMPLAINT FOR COPYRIGHT INFRINGEMENT—2
[2:18-cv-00163]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  Appetites series. Boffoli's images are also licensed for publication for books,
2  magazines, websites, and greeting cards.
3      10.   Boffoli's business is based on licensing and selling photographs he
4  creates. Big Appetites photographs are currently available for purchase at fine art
5  galleries, and can also be purchased over the Internet, including through Boffoli's
6  website. Boffoli has licensed use of Big Appetites photographs to greeting card
7  companies, calendars, and others.
8      11.   Boffoli registered each photograph in the Big Appetites series with the
9  U.S. Copyright Office and has Copyright Registration Nos. VAu001106484 (2011),
10 VAu001148370 (2013), VA0001948517 (2013), and VAu001198948 (2015).
11 **B.   CloudFlare's customer posted photographs from Big Appetites without**
12       **license or permission from Boffoli on webpages CloudFlare services.**
13     12.   CloudFlare, an Internet-based company, is an online service provider
14 that offers various performance services for websites. It acts as an intermediary
15 between a website visitor and the hosting website, including the websites in this
16 case. CloudFlare has customers in this District.
17     13.   CloudFlare provides services to at least one Doe Defendant and acts as
18 an intermediary between the Doe Defendants and the hosting website which
19 contains content that infringes on Boffoli's copyright (the "Infringing Content").
20     14.   The Infringing Content is displayed on at least four different webpages
21 hosted on servers serviced by CloudFlare:
22 <https://unique-landscape.com/resources/assets/upload/2017/3/tiny-people-big-
23 food-by-christopher-boffoli.jpg>
24 <https://uniquelandscape.com/resources/assets/upload/2017/2/christopher-boffoli-
25 creates-edible-larger-than-life- food.jpeg>
26 <https://unique-landscape.com/resources/assets/upload/2017/2/people-on-food-
27 landscapes-by-christopher- boffoli.jpg>
28 <https://unique-landscape.com/resources/assets/upload/2017/3/miniature-people-

COMPLAINT FOR COPYRIGHT INFRINGEMENT—3
[2:18-cv-00163]
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

on-food-landscapes-by-christopher-boffoli.jpg>
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Cleaning-up-the-spill-_20593>
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Holding-the-fries-_20592>
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Colorful-bakers-_20591 >
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Tie-the-lobster-down---_20590>
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Peeking-into-the-egg-_20589>
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Enter-the-fish-of-doom---_20588 >
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Pasta-car-wash-_20587 >
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Stunt-jump-_20585>
<https://baklol.com/baks/Random/Adventures-of-tiny-people-in-t-_1653/Against-the-teddy-army-_20584>

A copy of the Infringing Content is provided as Exhibit A. CloudFlare failed to prevent the Infringing Website from being accessible over the Internet despite notice from Boffoli.

15.   On information and belief, CloudFlare can remove the Infringing Content on the hosting website.  CloudFlare can also disable the Doe Defendant's ability to post content to the Internet.

16.   CloudFlare has a registered agent with the United States Copyright Office for receipt of Digital Millennium Copyright Act ("DMCA") notices.

17.   On October 22, 26, 30 and November 20, 2017, Boffoli sent a notice to

COMPLAINT FOR COPYRIGHT INFRINGEMENT—4
[2:18-cv-00163]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  CloudFlare informing it of the Infringing Content. Boffoli received an automated
2  response.
3     18.   Boffoli's notices and CloudFlare's responses are attached as Exhibit B.
4     19.   Boffoli never authorized his work to be posted on the Infringing Website.
5     20.   As of the date of this filing, CloudFlare has not removed or disabled
6  access to the Infringing Content.

## CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

10    21.   Boffoli hereby incorporates Paragraphs 1–20 by reference.
11    22.   Boffoli is, and at all relevant times has been, the owner of the copyright
12  in the photographs in the Big Appetites series.
13    23.   Each photograph in Big Appetites is copyrightable subject matter under
14  17 U.S.C. § 102(a)(5).
15    24.   Boffoli has complied in all respects with the provisions of the Copyright
16  Act and all regulations thereunder.
17    25.   Boffoli registered the copyright in each photograph in Big Appetites with
18  the United States Copyright Office.
19    26.   Boffoli has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce
20  the photographs in Big Appetites, (2) prepare derivative works based on Big
21  Appetites, (3) distribute copies of Big Appetites, and (4) display Big Appetites
22  publicly.
23    27.   Without the permission or consent of Boffoli, photographs from Big
24  Appetites were reproduced, derivative works were made from, copies were
25  distributed of, and the photographs were displayed on the Infringing Websites.
26  CloudFlare continues to service the Doe Defendants, including the delivery of
27  internet traffic to and from the websites.
28    28.   Boffoli's exclusive rights in the photographs in Big Appetites were

COMPLAINT FOR COPYRIGHT INFRINGEMENT—5
[2:18-cv-00163]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

violated.

29. CloudFlare induced, caused, or materially contributed to the Infringing Websites' publication.

30. CloudFlare had actual knowledge of the Infringing Content. Boffoli provided notice to CloudFlare in compliance with the DMCA, and CloudFlare failed to disable access to or remove the Infringing Websites.

31. CloudFlare acted willfully.

32. Alternatively, CloudFlare directly infringed Boffoli's copyrights by continuing to allow service to the Doe Defendants, including the delivery of internet traffic to and from the websites.

## RELIEF REQUESTED

WHEREFORE, Boffoli asks this Court to enter judgment against Defendants and Defendants' subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of Big Appetites by CloudFlare under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of CloudFlare of the photographs in Big Appetites and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Boffoli as the result of CloudFlare's infringement plus the profits of CloudFlare attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Boffoli so elects, an award of statutory damages for each infringement of Big Appetites under 17 U.S.C. § 504;

5. A judgment that CloudFlare's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

COMPLAINT FOR COPYRIGHT INFRINGEMENT—6
[2:18-cv-00163]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

7. For such other and further relief as may be just and proper under the circumstances.

Dated: February 2, 2018

Newman Du Wors LLP

s/Keith Scully
Keith Scully, WSBA No. 28677
2101 Fourth Avenue, Suite 1500
Seattle WA  98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801
*keith@newmanlaw.com*

Attorney for Plaintiff
Christopher Boffoli

COMPLAINT FOR COPYRIGHT INFRINGEMENT—7
[2:18-cv-00163]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800